IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WARREN PIERRE CANADY,      §
TDCJ-CID NO. 723784,       §
                          §
        Petitioner,     §
                          §
v.                       §
                          §     CIVIL ACTION NO. H-13-0196
RICK THALER, Director,    §
Texas Department of Criminal §
Justice, Correctional     §
Institutions Division,     §
                          §
        Respondent.    §

## MEMORANDUM OPINION AND ORDER

Warren Pierre Canady, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1).[1]  Pending before the court is Respondent Thaler's Motion to Dismiss Pursuant to 28 U.S.C. § 2254(b), (c), With Brief in Support (Docket Entry No. 14).[2]  Petitioner, Warren Pierre Canady, has not filed a response.  Petitioner seeks an examining hearing and an evidentiary hearing (Docket Entry No. 3)[3], and he has also filed several motions, including: Motion for Expansion of

---

[1]Petition for a Writ of Habeas Corpus By a Person in State Custody ("Canady's Petition"), Docket Entry No. 1.

[2]Respondent Thaler's Motion to Dismiss Pursuant to 28 U.S.C. § 2254(b), (c) With Brief in Support ("Respondent's Motion to Dismiss"), Docket Entry No. 14.

[3]Petitioner's Memorandum at Law ("Petitioner's Memorandum"), Docket Entry No. 3, pp. 5-13.

the Records (Docket Entry No. 10), Deposition for Proof of Claim (Docket Entry No. 13), Motion for Default Judgment (Docket Entry No. 16), Motion for Summary Judgment (Docket Entry No. 17), Motion for Discovery of Trial and Appellant Record (Docket Entry No 19), and Motion to Grant Summary Judgment No-Evidence (Docket Entry No. 22). For the reasons stated below, Respondent's Motion to Dismiss will be granted, Canady's Petition and motions will be denied.

## I.  **Procedural History**

Warren Pierre Canady is in the lawful custody of the Texas Department of Criminal Justice pursuant to a January 11, 2011, conviction for credit card abuse. Canady was sentenced to five years in the Texas Department of Criminal Justice, Institutional Division.[4] Canady appealed his conviction to the Court of Appeals for the Fourteenth District of Texas at Houston, which on February 2, 2012, affirmed the judgment of the trial court as reformed.[5] Canady filed a Petition for Discretionary Review

---

[4]Judgment of Conviction by Jury in State v. Canady, Cause No. 1276450 (248th District Court of Harris County, Texas, January 11, 2011), State Court Records ("SCR"), Docket Entry No. 15-10, p. 21. Page citations to state court records are the pagination imprinted by the federal court's electronic filing system at the top and right of the document. Page citations to federal court filings are to the native page numbers at the bottom of the page.

[5]The Fourteenth Court of Appeals reformed the trial court's judgment to accurately reflect that Canady was convicted of credit (continued...)

("PDR") on March 1, 2012.[6]  The case information for Canady's PDR on the Texas Court of Criminal Appeals ("CCA") internet website shows that the PDR was refused on April 18, 2012.[7]

On June 27, 2012, Canady filed a state application for habeas corpus relief.[8]  The application was dismissed by the CCA on January 9, 2013, for noncompliance with Tex. R. App. P. 73.1(c).[9]

On January 24, 2013, Canady filed his petition for a writ of habeas corpus with this court (Docket Entry No. 1).  Respondent Thaler filed a Motion to Dismiss Pursuant to 28 U.S.C. § 2254(b), (c) on March 18, 2013 (Docket Entry No. 14).  Canady did not directly respond to Respondent's Motion to Dismiss but filed several motions as mentioned above.

---

[5](...continued)
card abuse, rather than fraudulent use or possession of identifying information. The Fourteenth Court of Appeals found this to be a clerical mistake. See Judgment SCR, Docket Entry No. 23-3,; Memorandum Opinion, SCR, Docket Entry No. 23-1, p. 2 n.1.  See also Canady v. State, No. 14-11-00073-CR, 2012 WL 354185, at 2 (Tex. App.--Houston [14th Dist.] 2012, pet ref'd) (mem. op., not designated for publication).

[6]Canady's Petition for Discretionary Review ("Canady's PDR"), Canady v. State, PD-0263-12, Docket Entry No. 24.

[7]Accessed at www.cca.courts.state.tx.us on June 11, 2013.

[8]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Trial Court Case No. 1276450-B, SCR, Docket Entry No. 15-20, pp. 7-19.

[9]See Ex parte Canady, No. WR-30,119-24 (Tex. Crim. App., Jan. 9, 2013), SCR, Docket Entry No. 15-20, p. 2.

## II.  Analysis

### A.  Petitioner's Claims

Canady presents the following grounds for habeas relief:

1. The charge he was convicted of was not found or returned by a grand jury in the indictment.

2. He was actually innocent of the habitual offender allegations because of the state's failure to prove guilt beyond a reasonable doubt to a jury.

3. He was actually innocent as to the offense of credit card abuse because of the state's failure to prove guilt beyond a reasonable doubt.[10]

Respondent argues that Canady's claims are unexhausted pursuant to 28 U.S.C. § 2254(b) and (c).[11]  Because Canady filed his application for federal habeas corpus relief after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  See Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997).

### B.  The Exhaustion Requirement

The AEDPA requires state prisoners to exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b)(1)(A) and (c).[12]  "The exhaustion doctrine seeks to afford the state

---

[10]Canady's Petition, Docket Entry No. 1, pp. 6-7.

[11]Respondent's Motion to Dismiss, Docket Entry No. 14, p. 4.

[12]28 U.S.C. § 2254(b)(1)(A) provides:  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies (continued...)

courts a meaningful opportunity to consider allegations of legal error without interference from a federal judiciary." Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986). A Texas prisoner satisfies the exhaustion requirement when the substance of the federal claims have been fairly presented to the state's highest court by filing either (1) a direct appeal followed, if necessary, by a petition for discretionary review in the Texas CCA; or (2) a state petition for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Sones v. Hargett, 61 F.3d 410, 414-15 (5th Cir. 1995); Richardson v. Procunier, 762 F.2d 429, 430-32 (5th Cir. 1985); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). Habeas petitioners are not required to pursue both avenues of federal habeas relief to meet the exhaustion requirement. Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). A federal claim satisfies the "fairly presented" requirement when it is the "substantial equivalent" of the claim presented to the state courts. Whitehead, 157 F.3d at 387. This requirement is not satisfied if the petitioner presents new legal theories as new factual claims in his federal petition. Id.

Furthermore, if a claim is raised in the CCA without first having been presented for review before an intermediate appellate

---

[12] (...continued)
available in the courts of the State." 28 U.S.C. § 2254(c) provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

court, the petitioner has failed to exhaust his state remedies. Myers, 919 F.2d at 1077.  The exhaustion doctrine "requires that the chosen avenue of post-conviction relief, whether direct or collateral, be pursued in such a manner so as not to present claims to a state's appellate courts for the first and only time in a petition for discretionary review."  Id.  In other words, the petitioner must present claims in a "procedurally correct manner" to meet the exhaustion requirement.  Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993).

If a habeas petitioner fails to exhaust his claims in the state court, the federal petition for habeas relief must be dismissed.  Dispensa v. Lynaugh, 847 F.2d 211, 217-18 (5th Cir. 1988); Rose v. Lundy, 102 S. Ct. 1198, 1199 (1982).  If a petition for habeas relief contains exhausted and unexhausted claims, then it must be dismissed as a "mixed petition" for failure to exhaust. Murphy v. Johnson, 110 F.3d 10, 11-12 (5th Cir. 1997).

The issue is whether or not Canady met the exhaustion requirement by fairly presenting his claims to the state's highest court.  Richardson, 763 F.2d at 430.  Canady can meet the exhaustion requirement by directly appealing through the state appellate system or filing a state petition for habeas relief.  Id. at 432.

Canady has failed to fully exhaust his claims in the state courts.  Although Canady pursued both a direct appeal followed by

-6-

a petition for discretionary review and a state petition for habeas relief, neither attempt has satisfied the exhaustion requirement.

**C.  Application of the Exhaustion Requirement**

    1.   Direct Appeal Followed by Petition for Discretionary Review

On direct appeal to the Court of Appeals, Canady raised the issue that he "was egregiously harmed by the trial court's failure to instruct the jury on unanimity as to any single specific criminal act presented which was error and violated the Texas Constitution and Texas Code of Criminal Procedure."[13]  Asserting that the state presented evidence of multiple separate and distinct instances of credit card abuse without authorization from Robert Hanson, the cardholder, Canady argued that the trial court was required to instruct the jury that it must be unanimous in finding that a single use of Hanson's credit card was proved beyond a reasonable doubt in deciding whether he was guilty.[14]  Canady argued that the trial court's error violated his constitutional right to a unanimous verdict.[15]

In Canady's PDR to the CCA, Canady raised four different claims:

---

[13]Brief of Appellant in Fourteenth Court of Appeals, SCR, Docket Entry No. 15-12, pp. 6, 14-15.

[14]Id. at 14-15.

[15]Id. at 6.

-7-

(1)    "The State charged applicant with a crime that had
       never been found or returned by a grand jury."

(2)    "[H]e is actually innocent of the habitual offender
       allegations because the State failed to prove to
       the jury his guilt of two prior convictions beyond
       a reasonable doubt."

(3)    "The evidence was insufficient to support the
       conviction under the jury charge, naming Robert
       Hanson, as cardholder."

(4)    "The State of Texas lacked jurisdiction to try
       applicant because it failed to prove if the alleged
       crime fell within the limits of Texas territorial
       jurisdiction."[16]

None of the claims raised in Canady's PDR concern the issue
addressed in his appeal to the Court of Appeals, i.e., violation of
his constitutional right to a unanimous verdict.  Because Canady
raised new claims in his PDR that were not presented to the Court
of Appeals, it is clear that he has bypassed part of the state's
appellate process.   Therefore, Canady failed to exhaust his
remedies for the claims raised in his PDR.  Instead of raising the
claim that he had raised on direct appeal in his PDR, Canady raised
four new claims that were never presented to the Court of Appeals.
Myers, 919 F.2d at 1077.  Although Canady's PDR arguably raised
each of the three claims raised in his federal habeas corpus
petition,[17] because Canady did not "fairly present" any of the

---

[16]Canady's PDR, Docket Entry No. 24, p. vii.

[17]Canady's three claims in his federal habeas corpus petition
are stated as follows:  (1) "The state charged applicant with a
crime that had never been found or returned by a grand jury";
                                               (continued...)

claims that he raised in his PDR to the state court of appeals, those claims remain unexhausted. Whitehead, 157 F.3d at 387.

Moreover, Canady has not demonstrated any "exceptional circumstances of peculiar urgency" that would call for federal interference to bypass the exhaustion requirement, such as where state remedies are futile or where the state system solely and "unjustifiably delays review of petitioner's claim." Deters, 985 F.2d at 795.

Accordingly, the court concludes that Canady failed to exhaust his state remedies for any of the claims raised in his federal habeas petition via direct appeals followed by a PDR to the Texas CCA.

### 2.   State Petition for Habeas Corpus Relief

Canady raised three grounds in his state petition for habeas corpus relief:

(1)   "Applicant was charged with and found guilty of a crime that had never been found or returned by a grand jury."

(2)   "Applicant is actually innocent of the habitual offender allegations."

---

[17](...continued)
(2) "[H]e is actually innocent of the habitual offender allegations because the State failed to prove to the jury his guilt of two prior convictions beyond a reasonable doubt"; and (3) "The State of Texas lacked jurisdiction to try applicant because it failed to prove if the alleged crime fell within the limits of Texas territorial jurisdiction." Canady's Petition, Docket Entry No. 1, pp. 6-7.

(3)   "The evidence was insufficient to support a conviction under the jury charge naming Robert Hanson as cardholder."[18]

(a)   Failure to Comply with Rule 73.1(c)

On January 9, 2013, the CCA dismissed Canady's state petition for habeas relief because it was noncompliant with TEX. R. APP. P. 73.1(c).[19]  The CCA's reason for dismissing Canady's state petition for habeas relief was that the "applicant's supporting facts and/or grounds for relief are not on the prescribed form."[20]  Texas Rule of Appellate Procedure 73.1(c) provides:  "The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground."  Texas Rule of Appellate Procedure 73.2 states that a noncompliant application will not be filed, but will instead be returned to the person who filed it. TEX. R. APP. P. 73.2.  Under Texas law, compliance with Rule 73.1 is a prerequisite to consideration of the merits of the application. Ex parte Blacklock, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006). Although Canady's state habeas corpus petition raised the same three grounds that he asserts in his federal habeas corpus petition, because of Canady's failure to comply with Texas Rule of

---

[18]Application for a Writ of Habeas Corpus Seeking Relief from Final Conviction Under Code of Criminal Procedure, Article 11.07, Trial Court Case No. 1276450-B, SCR, Docket Entry No. 15-20, pp. 12-14.

[19]See Ex parte Canady, No. WR-30,119-24 (Tex. Crim. App. Jan. 9, 2013), SCR, Docket Entry No. 15-20, p. 2.

[20]Petitioner's Memorandum, Exhibit C, Docket Entry No. 3, p. 18.

Appellate Procedure 73.1, none of these grounds have been properly presented to the Texas CCA and thus remain unexhausted.

Moreover, because Canady's second and third grounds in his state habeas corpus petition are based on arguments that the State failed to prove his guilt, they pertain to the sufficiency of the evidence.[21]  Sufficiency of the evidence claims are not cognizable under state habeas relief.  Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).  Therefore, the second and third grounds for relief pertaining to insufficiency of the evidence should have been raised through direct appeal rather than through habeas relief.

The court concludes that Canady has failed to exhaust his state remedies for any of the claims raised in his federal habeas corpus petition by filing a state habeas corpus petition.

Furthermore, the court concludes that the record does not "demonstrate cause and prejudice or show that the failure to consider the claims will result in a fundamental miscarriage of justice." Deters, 985 F.2d at 795.

### III.  Certificate of Appealability

Although Canady has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA for claims denied on the merits Canady

---

[21]Canady's Petition, Docket Entry No. 1 at 6-7.

must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Canady must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. <u>Tennard</u>, 124 S. Ct. at 2569.  Where a district court denies a federal habeas petition on procedural grounds the petitioner must show:  (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000).

In this case the court denied the federal habeas petition on procedural grounds for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1)(A) and (c).  For the reasons stated in this Memorandum Opinion and Order, Canady has not demonstrated that a COA should be issued.  He has not made any substantial showing of a denial of a constitutional right in the claims raised in his federal habeas petition.  The court also concludes that "jurists of reason" would not find it debatable whether the district court was correct in its procedural ruling. Accordingly, petitioner is not entitled to a COA on the court's decision to dismiss the federal habeas corpus claims without prejudice.

-12-

## IV. <u>Conclusion and Order</u>

For the reasons explained above, Warren Pierre Canady has failed to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(a) and (c). The court **ORDERS** the following:

1. Respondent Thaler's Motion to Dismiss Pursuant to 28 U.S.C. § 2254(b), (c) (Docket Entry No. 14) is **GRANTED**.

2. Canady's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3. A Certificate of Appealability is **DENIED**.

4. Canady's Motion for Expansion of the Records (Docket Entry No. 10) is **DENIED**.

5. Canady's request for Supplemental Relief (Docket Entry No. 11) is **DENIED**.

6. Canady's Deposition for Proof of Claim (Docket Entry No. 13) is **DENIED**.

7. Canady's Motion for Default Judgment (Docket Entry No. 16) is **DENIED**.

8. Canady's Motion for Summary Judgment (Docket Entry No. 17) is **DENIED**.

9. Canady's Motion for Discovery of Trial and Appellant Record (Docket Entry No. 19) is **DENIED**.

10. Canady's Motion to Grant Summary Judgment No-Evidence (Docket No. 22) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 13th day of June, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE